26 C.C.P.A.(Patents)

### CORN PRODUCTS REFINING CO. v. COCA-COLA CO.

#### Patent Appeal No. 4110.

Court of Customs and Patent Appeals.
May 1, 1939.

Hervey, Barber & McKee, of New York City (Morrison T. Hankins, of New York City, of counsel), for appellant.

Harold Hirsch and Frank Troutman, both of Atlanta, Ga., and Edward S. Rogers, of New York City (Thomas L. Mead, Jr., of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is a trade-mark opposition proceeding wherein the Commissioner of Patents affirmed a decision of the Examiner of Interferences which sustained the opposition of appellee and adjudged that appellant is not entitled to the registration for which it has made application.

On September 23, 1935, appellant filed, under the Trade-mark Act of February 20, 1905, its application for the trade-mark "Dextra-Cola" as applied to a non-alcoholic, maltless syrup for making soft drinks. The application states that appellant's first use of the mark was on September 17, 1935. The examiner required appellant to disclaim the exclusive use of the word "Cola" apart from the mark shown, which was done.

Appellee filed notice of opposition to the registration of said mark, alleging that it was confusingly similar to appellee's registered mark "Coca-Cola". A number of registrations of said mark by appellee and its predecessors are set out in said notice. The mark "Coca-Cola" appears in script in said registrations, while appellant's mark, as shown in its application, is in stencil.

Both sides took testimony. Appellant's testimony discloses that, at the time of taking the testimony, it had applied its said mark to a single shipment of a ten-gallon keg of syrup from its plant in New Jersey to New York; that appellant is a large manufacturer of various products, including glucose, corn starch, sugar, syrups, dextrines, feeds and oils, and that it owns and employs a number of trade-marks for various package goods. One

John D. Buhrer, vice president of appellant, testified that he suggested the mark "Dextra-Cola" because "it suggests the contents or make-up of the product." He further testified as follows:

"Q. 61. Have you ever heard of Coca Cola? A. Yes.

"Q. 62. How long have you known Coca-Cola? A. Well, I imagine about twenty years.

"Q. 63. It is pretty well advertised, isn't it? A. Yes, sir.

"Q. 64. You have seen signs frequently around New York City? A. Plenty.

"Q. 65. In fact, everywhere you go, you see it? A. Too many.

\*    \*    \*    \*    \*    \*

"XQ. 43. You had Coca Cola in mind when you suggested Dextra-Cola? A. That is possible.

"XQ. 44. Well, you said that you suggested the name? A. Yes.

"XQ. 45. Well, you probably had Coca Cola in mind. A. I probably had Coca Cola in mind, although I had dextrose in mind too."

The testimony on behalf of appellee discloses that it and its predecessors had for more than fifty years manufactured a syrup for use in making beverages; that its business had grown from a production of 25 gallons in 1886 to more than 25,000,000 gallons in 1934, and that in said last-named year appellee expended nearly $5,000,000 in advertising its said product.

But one question was presented to the Patent Office tribunals, viz., that of confusing similarity of the respective marks. Both the Examiner of Interferences and the commissioner held that the marks were confusingly similar, and from the decision of the commissioner appeal was taken to this court.

The commissioner in his decision relied very largely upon our decision in the case of Steinreich v. Coca Cola Co., 67 F.2d 498, 21 C.C.P.A., Patents, 722, in which we held that the marks "Vera-Coca" and "Coca-Cola" were confusingly similar.

Appellant insists that the word "Cola" is descriptive as used in the marks of the respective parties, and points to the fact that it has disclaimed the exclusive use of the word "Cola" apart from the mark as shown in the drawing.

Upon this point we would observe that if the word "Cola" in appellee's regis-

tered mark is descriptive, so is the word "Coca," and the effect of appellant's contention is to challenge the validity of appellee's registrations upon which it relies. That this may not be done in an opposition proceeding is well established. Ruth Candy Co. v. Curtiss Candy Co., 49 F.2d 1033, 18 C.C.P.A., Patents, 1471; Revere Sugar Refinery v. Salvato, 48 F.2d 400, 18 C.C.P.A., Patents, 1121, and cases therein cited.

In addition to the case of Steinreich v. Coca Cola Co., supra, we have at this term held that the marks "King Kola" and "Coca-Cola" were confusingly similar. King Kola Mfg. Co. v. Coca-Cola Co., 99 F.2d 983, 26 C.C.P.A., Patents, ——.

The record shows that appellant deliberately adopted its mark with full knowledge of the existence of appellee's mark "Coca-Cola", and the vice president of appellant testified that he probably had "Coca-Cola" in mind when he suggested the mark "Dextra-Cola."

In the case of Steinreich v. Coca Cola Co., supra, we stated [67 F.2d 500]: "Had appellant wished clearly to indicate the origin of his goods, there were many thousands of words which he might have selected as a trade-mark for his product, or he could have coined a word or words, none of which could be open to the claim of similarity to appellee's mark. He did not see fit to do so, and, in view of the facts above recited, the conclusion is irresistible that he hoped and expected, by using the mark 'Vera-Coca,' that he would profit by the similarity of his mark to the mark 'Coca-Cola.'"

The remarks last quoted are equally applicable to the case at bar, and the circumstances under which appellant adopted its mark may properly be considered in determining the question of confusing similarity. Procter & Gamble Co. v. J. L. Prescott Co., 49 F.2d 959, 18 C.C.P.A., Patents, 1433; Time, Inc. v. Ultem Publications, Inc., 2 Cir., 96 F.2d 164.

We have no doubt that the marks in question were properly held by the Patent Office tribunals to be confusingly similar, and the decision of the commissioner is affirmed.

Affirmed.

BLAND, Associate Judge, took no part in the consideration or decision of this case.